MANRIQUE, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record an Agricultural Loan Contract.

No. 425.—Decided July 28, 1919.

AGRICULTURAL LOAN CONTRACT — RECORD OF CONTRACT. — The mere fact that the crops given in guaranty of the agricultural loan sought to be recorded in the Registry of Contracts for Agricultural Purposes are subject to a previous lien does not prevent the record sought, whether the previous lien is recorded or not, and in the latter case the first encumbrance should be mentioned as it appears from the documents presented.

The facts are stated in the opinion.
*Mr. Lorenzo Jiménez García* for the appellant.
The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant here, Cipriano Manrique, presented to the Registrar of Property of Caguas for record in the Registry of Agricultural Contracts a loan contract pledging certain crops of sugar cane and showing that the said crops had been previously pledged to another person. He also exhibited with the said contract the other contract creating the previous lien.

The registrar refused to record the contract on the ground that the preferred lien on the said crops in favor of another person is inconsistent and in conflict with the pledge contained in the document asked to be recorded.

The deed creating the previous lien does not show that it was recorded in the registry and neither the registrar nor the appellant states that it is recorded; therefore we understand that the question arising from the registrar's refusal to record the contract is whether the mere fact that the crops pledged are subject to a previous lien prevents the

record of the latter contract, although the former is not recorded.

Act No. 37 of 1910, to provide for contracts of advances for agricultural purposes and grinding of cane, created the Registry of Agricultural Contracts and placed it in charge of the registrars of property, and this act was amended in some particulars by Act No. 59 of 1911. Section 4 of the act provides that the indebtedness of advances for agricultural purposes, from the date of the filing thereof in the registry, shall have preference over all other subsequent indebtedness of whatever nature (according to the English text of the act), except indebtedness for taxes. Section 14 provides that no title or document which has not been previously recorded shall prevail against a title recorded pursuant to this act, and that the provisions of the Mortgage Law, in so far as not in conflict with the provisions of the act, shall be applicable to entries and marginal notes made in the registry of contracts for agricultural purposes.

In accordance with these statutes, we do not see why a lien on sugar-cane crops can not be recorded although the crops had been previously pledged to another person, whether or not the first lien is recorded, for several mortgages on the same property are inconsistent and yet they can be recorded, it being understood that the junior is subordinate to the senior. Likewise, several liens on the same sugar-cane crops may be recorded, the one last recorded being subordinate to that first recorded by reason of the preference given by law to its record; and if the first has not been recorded, as seems to be the case here, mention should be made in the record of the previous lien as it appears from the documents presented.

The decision must be

*Reversed.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.